# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

LAMONT LATHAN,
        Plaintiff,

    v.                                                Case No. 16-CV-794

UBER TECHNOLOGIES, INC. and
TRAVIS KALANICK,
        Defendants.

## DECISION AND ORDER

Lamont Lathan brought this putative class action in diversity in this court against Uber Technologies, Inc. and its chief executive officer, Travis Kalanick, alleging tortious interference with prospective business relations, breach of contract, unjust enrichment, conversion, unfair competition, fraud and misrepresentation, and violations of Wisconsin's minimum-wage and labor statutes and administrative code provisions. Defendants move to dismiss, to compel arbitration, and for judicial notice.

## I. KALANICK'S MOTION TO DISMISS

Kalanick moves to dismiss arguing that he is not subject to personal jurisdiction in Wisconsin. "Under the . . . due process clause, a defendant is subject to personal jurisdiction in a particular state only if the defendant had 'certain minimum contacts with it such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Mobile Anesthesiologists Chicago, LLC v. Anesthesia Assocs. of Houston Metroplex, P.A.*, 623 F.3d 440, 443 (7th Cir. 2010) (internal quotation marks omitted) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

According to Kalanick's uncontroverted declaration, he has no meaningful contacts with Wisconsin either on his own behalf or on behalf of Uber. *See* Kalanick Decl., ECF No. 11. For example, he "ha[s] never been to Wisconsin"; "do[es] not own or lease any property in Wisconsin"; "[is] not a personal signatory or otherwise a party to any agreements with any entity that resides in Wisconsin, whether personally or as it relates to Uber"; and "did not (and do[es] not) directly control or manage any business dealings of Uber or its affiliates in Wisconsin." *Id.* ¶¶ 4, 5, 7, 11.

Plaintiff argues that because Kalanick is Uber's CEO, he is subject to personal jurisdiction in Wisconsin based on the company's contacts with the state. However, "[e]ach defendant's contacts with the forum State must be assessed individually." *See Calder v. Jones*, 465 U.S. 783, 790 (1984) (citing *Rush v. Savchuk*, 444 U.S. 320, 332 (1980)). Kalanick may be subject to personal jurisdiction based on actions he has taken on behalf of Uber, but he does not assume all of Uber's contacts simply because he is one of its officers. Kalanick is not subject to personal jurisdiction in Wisconsin, so I must grant his motion to dismiss.

## II. UBER'S MOTION TO COMPEL ARBITRATION

Uber moves to compel arbitration of plaintiff's claims. Under the Federal Arbitration Act (FAA), I must compel arbitration "if the parties have an arbitration agreement and the asserted claims are within its scope." *Sharif v. Wellness Int'l Network, Ltd.*, 376 F.3d 720, 726 (7th Cir. 2004) (citing *Kiefer Specialty Flooring, Inc. v. Tarkett, Inc.*, 174 F.3d 907, 909 (7th Cir. 1999)). The FAA evinces "a liberal federal policy favoring arbitration agreements." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983). As such, "'as a matter of federal law, any doubts

2

concerning the scope of arbitrable issues should be resolved in favor of arbitration.'" *Kiefer*, 174 F.3d at 909 (quoting *Moses H. Cone*, 460 U.S. at 24–25).

Normally, "the question of whether the parties agreed to arbitrate is to be decided by the court, not the arbitrator." *AT & T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 649 (1986). However, "parties can agree to arbitrate 'gateway' questions of 'arbitrability,' such as whether the parties have agreed to arbitrate or whether their agreement covers a particular controversy," and "the FAA operates on this additional arbitration agreement just as it does on any other," with "one caveat." *Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63, 68–70 & n.1 (2010). "Courts should not assume that the parties agreed to arbitrate arbitrability unless there is "clea[r] and unmistakabl[e]" evidence that they did so." *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995) (alterations in original) (quoting *AT & T*, 475 U.S. at 649).

On December 3, 2015, plaintiff agreed to a "software license and online services agreement" with Rasier, LLC, a wholly owned subsidiary of Uber. Days later, Uber introduced a revised agreement that plaintiff agreed to on December 12, 2015. The agreement contains a broad arbitration provision "intended to require arbitration of every claim or dispute that lawfully can be arbitrated," subject to certain exceptions that don't apply here. *See* ECF No. 14-5, at 19. Plaintiff does not dispute that his substantive claims are within the scope of the arbitration provision.

The agreement also clearly and unmistakably requires arbitration of gateway questions of arbitrability, including disputes about "interpretation and application" of the arbitration provision and those about "the enforceability, revocability or validity" of the arbitration provision or any part of it. *See id.* at 18. The parties refer to this provision as

3

a "delegation provision" or "delegation clause" because it requires that issues normally addressed by a court be delegated to an arbitrator. Plaintiff challenges the enforceability and validity of the arbitration provision but those issues are plainly within the scope of the delegation provision. Thus, those issues must be addressed by an arbitrator unless the delegation provision is itself unenforceable for some reason.

Plaintiff argues that the delegation provision does not clearly and unmistakably show that the parties agreed to arbitrate gateway issues, but his arguments are unconvincing. First, he argues that the delegation provision (and the broader arbitration provision) conflicts with the agreement's forum-selection clause, but the forum-selection clause, by its own terms, only applies to claims, disputes, and issues that are not subject to arbitration, so there is no conflict. *See id.* at 15. Second, he suggests that he may not have read the agreement and attests that he did not understand its terms, but "[a] contract need not be read to be effective," *James v. McDonald's Corp.*, 417 F.3d 672, 678 (7th Cir. 2005) (alteration in original) (quoting *Hill v. Gateway 2000, Inc.*, 105 F.3d 1147, 1148 (7th Cir. 1997)), and I cannot ignore the unambiguous language of a contract simply because a party seeking to avoid unfavorable terms claims not to have understood them, *Raasch v. City of Milwaukee*, 2008 WI App 54, ¶ 10, 310 Wis. 2d 230, 241, 750 N.W.2d 492, 497 ("'[T]he general rule is that a party who signs a contract after a fair opportunity to read the contract is bound by its terms.'" (alteration in original) (quoting *Hennig v. Ahearn*, 601 N.W.2d 14, 18 (Wis. Ct. App. 1999))).

Plaintiff also argues that the delegation provision is unconscionable and, therefore, unenforceable. "Unconscionability is an amorphous concept that evades precise definition," but it "has often been described as the absence of meaningful choice

4

on the part of one of the parties" (referred to as "procedural unconscionability"), "together with contract terms that are unreasonably favorable to the other party" (referred to as "substantive unconscionability"). *Wisconsin Auto Title Loans, Inc. v. Jones*, 2006 WI 53, ¶¶ 31–33, 290 Wis. 2d 514, 533, 714 N.W.2d 155, 165.

Plaintiff fails to show that the delegation provision is unconscionable. First, he had a meaningful choice about whether to agree to arbitration. In fact, he had the opportunity to opt out of arbitration altogether, unilaterally, and without consequence, *see* ECF No. 14-5, at 22, and both the arbitration provision (which contains the delegation provision) and plaintiff's right to opt out of it are called out in bolded capital letters within the first few paragraphs of the agreement, *see id.* at 2. Thus, the delegation provision is not procedurally unconscionable. *See Jones*, 2006 WI 53, ¶¶ 52–53. Second, the delegation provision is not unreasonably favorable to Uber, as it binds both parties equally. *See id.* ¶ 66; *see also Scaffidi v. Fiserv, Inc.*, 218 F. App'x 519, 521 (7th Cir. 2007) (explaining that "mutuality of obligation . . . exist[s]" where both parties are "equally bound to arbitrate any . . . claims that are covered by the agreement"). Thus, the delegation provision is not substantively unconscionable, either.

The delegation provision is valid and enforceable, and plaintiff's challenges to the arbitration provision fall within its scope. Thus, I must grant Uber's motion to compel arbitration, at least as to gateway questions of arbitrability.

Uber also moves to dismiss or, in the alternative, to stay the case pending arbitration. I will stay the case, as that is "'the proper course of action when a party seeks to invoke an arbitration clause.'" *Halim v. Great Gatsby's Auction Gallery, Inc.*, 516 F.3d 557, 561 (7th Cir. 2008) (quoting *Cont'l Cas. Co. v. Am. Nat. Ins. Co.*, 417

5

F.3d 727, 732 n.7 (7th Cir. 2005)). The parties may need to return to court if, for example, the arbitrator determines that the arbitration provision is unenforceable.

### III. UBER'S MOTION FOR JUDICIAL NOTICE

Uber moves for judicial notice of Rasier, LLC's license to operate a "transportation network company" in Wisconsin. *See* Wis. Stat. ch. 440, subch. IV. This motion relates to plaintiff's substantive claim that Uber misclassified him as an independent contractor when he was actually an employee. That issue is within the scope of the arbitration provision, so it is not properly before me at this time, though it may be in the future. Accordingly, I will stay this motion pending arbitration.

### IV. ORDER

**THEREFORE, IT IS ORDERED** that Travis Kalanick's motion to dismiss (ECF No. 9) is **GRANTED**, and Kalanick is **DISMISSED** from this action.

**IT IS FURTHER ORDERED** that Uber's motion to compel arbitration (ECF No. 12) is **GRANTED**, Uber's motion to dismiss (ECF No. 12) is **DENIED**, and Uber's motion in the alternative to stay the case pending arbitration (ECF No. 12) is **GRANTED**. This case is hereby **STAYED** pending arbitration. No later than 21 days after the conclusion of arbitration, plaintiff shall notify the court of the result.

**IT IS FURTHER ORDERED** that Uber's motion for judicial notice (ECF No. 15) is **STAYED** pending arbitration.

Dated at Milwaukee, Wisconsin, this 24th day of July, 2017.

/s Lynn Adelman
LYNN ADELMAN
District Judge